IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Civil Action
Case No.:

DARRIN MCCRAY
Petitioner-Plaintiff,

Case No.: 15-81270-MIDDLEBROOKS/BRANNON
**Supplemental Jurisdiction**

v.

FILED BY MEK D.C.
DEC 05 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

DALIAH H. WEISS
In her official capacity as Circuit Judge
And
DAVE ARONBERG
In his official capacity as Elect State Attorney

________________________________/

**PETITIONER'S NOTICE OF REMOVAL TO FEDERAL COURT**

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Petitioner hereby give notice that the action styled DARRIN L. MCCRAY vs. STATE OF FLORIDA, Case No.: SC19-1087, in the Florida Supreme Court has been removed to the United States District Court for the Southern District of Florida.

Petitioner-Plaintiff, DARRIN MCCRAY (hereinafter "MCCRAY"), *pro se* files this Combined Notice of Removal and Complaint for Declaratory Injunctive Relief Under The All Writs Act against Respondents-Defendants Dave Aronberg, in his official capacity Elect State Attorney for Palm Beach County, Florida (hereinafter "State Attorney Aronberg" or "State Attorney") and Daliah H. Weiss, in her official capacity as Circuit Judge for Palm Beach County, Florida (hereinafter "Judge Weiss") as a state officials responsible under Florida Law for administering and enforcing the state laws.

MCCRAY seeks declaratory and injunctive relief: a declaration that Florida laws (F.S. §838.022), Florida Rule of Criminal Procedure 3.850 and Florida Rule 3.987 Oath of Defendant are unconstitutional under the Fourteenth Amendment to the United States Constitution and an injunction compelling the respondents-defendants to refrain from enforcing such laws and to allow the Petitioner-Plaintiff to be heard on the merits. In support of this Complaint against Respondents-Defendants, Petitioner-Plaintiff hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, §1367,§1441 (a), § (1443) (1)(2), 1446 and §301 of the Labor Management Relations Act under the doctrine of Complete Preemption, in that this action seeks to present a federal question and address the deprivation under color of the laws,

statutes, regulations, customs, and usages of the Respondents-Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Act of Congress **(Exhibit A).**

2. This notice of removal is filed within the time allowed under 28 U.S.C. §1446 (b) as thirty days have not yet expired since the Florida Supreme issued the order denying MCCRAY a Writ of Quo Warranto postconviction based on violations of complete preemption, *Garrity* Rights, *Brady* and based on the court lack of subject matter jurisdiction and lack of personal jurisdiction.

3. This action is a civil matter alleging that (F.S. §838.022), Florida Rule of Criminal Procedure 3.850 and Florida Rule 3.987 Oath of Defendant are unconstitutional under the Fourteenth Amendment to the United States Constitution, and thus violate 28 U.S.C. § 1443(1), which permits the removal of certain civil rights actions. Under 28 U.S.C. § 1443(1), a removing defendant must demonstrate that "the right upon which [the defendant] relies 'arises under a federal law providing for specific civil rights stated in terms of racial equality:

(A). Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

**(B).** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

4. Pursuant to 28 U.S.C. § 1441 (a), "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. As required by 28 U.S.C. § 1446 (a) MCCRAY filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit of the Fifteenth Judicial District, in Palm Beach County, Florida, the Clerk of the Florida Supreme Court and Attorney General of Florida **(Exhibit B).**

6. Venue is proper pursuant to 28 U.S.C. §1391 because the Respondents-Defendants execute, administer and enforce the laws of which are complaints in this District and because the events and omissions giving rise to this action are harming Petitioner-Plaintiff in this District. This Court has personal jurisdiction over the Respondents-Defendants, because inter alia, they acted under the color of law, policies, customs, and/or practices of the State of Florida and/or within the geographic confines of the State of Florida.

7. This Court has jurisdiction pursuant to the All Writs Act ('the Act"), 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usage and principles of law."), authorizes jurisdiction over this

action. The All Writs Act serves to fill 'the interstices of federal judicial power when those gaps threaten to thwart otherwise proper exercise of federal court's jurisdiction." See *Pennsylvania Bureau of Corrections v. U.S. Marshals Service*, 474 U.S. 34, 41 (1985).

8. MCCRAY will show that this Court has authority to issue the writ. The AWA serves as a "legislatively approved source of procedural instruments designed to achieve rational ends of law and may be relied upon by courts in issuing orders appropriate to assist them in conducting factual inquiries." *Harris v. Nelson, 3*94 U.S. 286, rehearing denied, 394 U.S. 1025 (1969).

A. The first matter that must be established is that there is no other adequate means to obtain the relief desired. *Kerr v. United States District Court for Northern District of California,* 426 *U.S.* 394 (1976*); Allied Chemical Corp. v. Daiflon, Inc.,* 499 *U.S.* 33 (1980). MCCRAY is proceeding postconviction and has been denied all forms of relief to include but not limited to a: direct appeal in the Fourth District Court of Appeal, Writ of Prohibition in both the Fourth District Court of Appeal and Florida Supreme Court, Writ of Mandamus in the Florida Supreme Court, Writ of Habeas Corpus in both the Florida Supreme Court and Florida Southern District, Writ of Quo Warranto in both the Fourth District Court of Appeal and Florida

Supreme Court, Florida Rule of Criminal Procedure 3.850, Florida Rule of Criminal Procedure 3.190, Florida Rule of Civil Procedure 1.150, Florida Rule of Civil Procedure 1.1540 and Florida Rule of Civil Procedure 1.140. See *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (requiring a state's post conviction proceeding to comport with "fundamental fairness mandated by the Due Process Clause").

B. Secondly, it must be established that the right to the issuance of the writ is “clear” and “indisputable.” *Will v. Calvert Fire Ins. Co.*, 437 *U.S.* 655 (1978); *Allied Chemical Corp.*, supra. The writ is necessary in instances of “clear abuse of discretion” *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 383, (1953), or conduct amounting to “usurpation of the judicial power,” *De Beers Consolidated Mines, Ltd. V. United States,* 325 U.S. 212, 217, (1945). When lower courts corrupt the judicial process, constitutes an exceptional circumstance. Thus far all lower courts have abused their discretion by usurping judicial power and denying the doctrine of Complete Preemption, Double Jeopardy Clause, *Garrity Rights,* Equal Protection Clause, Supremacy Clause along with the Fifth, Sixth, Eighth and Fourteenth Amendments, Florida Constitution Article I, Section 9 and Florida State Statutes Chapter 914.04 as it relates to using immunized

information in a criminal prosecution in all previous judicial proceedings prior to postconviction where the state court lacked subject matter jurisdiction based on *Garrity* Rights derived from the Palm Beach County Sheriff's Collective Bargaining Agreement, and the Supreme Court decisions in *Black and Skilling* that the law against "honest services" fraud is too vague to constitute a crime unless a bribe or kickback. *Boyes v. Shell Oil Prods. Co.,* 199 F.3d 1260, 1265 (11th Cir. 2000).

C. It may be required that a question of first impression is raised. See *International Union, United Auto., Aerospace and Agr. Implement Workers of America v. National Caucus of Labor Committees*, 525 F. 2d. 323 (2d. Cir. 1975); *Bauman v. United States District Court*, 557 F.2d. 650 (9th Cir. 1977); *DeGeorge v. United States District Court for Central District of California,* 219 F.3d. 930 (9th Cir. 2000). This case does in fact present a question of first impression. Whether Writ of Quo Warranto should issue during postconviction based on violations of: the Double Jeopardy Clause, *Garrity Rights,* Equal Protection Clause, Preemption Clause, Supremacy Clause along with the Fifth, Sixth, Eighth and Fourteenth Amendments, Florida Constitution Article I, Section 9 and Florida State Statutes Chapter

914.04 as it relates to using immunized information in a criminal prosecution in all previous judicial proceedings prior to postconviction.

**FACTUAL ALLEGATIONS/BACKGROUND**

9. On March 09, 2007, after thoroughly investigating MCCRAY and others, Lieutenant Jones submitted a detailed report to Major Kneisley with findings stating that there was "no justifiable or sound reason to construe that a preponderance of evidence exists which suggests . . . violat[ion] of policy."

6. On or about March 09, 2007, Lieutenant Eddie Jones' report cleared MCCRAY and others of any potentially criminal conduct or administrative wrongdoing. (". . . I am of the opinion that no definitive evidence exists which suggests Lt. Darrin McCray . . . violated C.O.P. 917.24 sec. (C)(4) (6) (7) (Hospital Security Duty) [that is, the Administrative Policy] . . . or otherwise collectively or single-handedly manipulated the Online Hospital Guard Duty Program for personal gains.") To be sure, that report shows (in a table, under the heading "Finding") that the allegations against MCCRAY were "inconsequential". Major Kneisley, who was Lieutenant Jones' superior, ratified this report the same day, finding the evidence was "weak at best." **(Exhibit C).**

10. MCCRAY and six other Co-Defendants were charged in the same Information that Lieutenant Jones used in his administrative investigation with

violating either the Scheme-to-Defraud Statute (F.S. §817.034(4)) or the Official Misconduct Statute (F.S. §838.022), or both of these.

11. On October 16, 2008, beginning at 12:15 pm hours, in proceedings before the Honorable Judge Lucy Brown, Judge of the Court asked, "Now Mr. Zacks, you would agree with the general proposition that if law enforcement has it, you have it, as a legal objection"? On October 16, 2008, in proceedings before the Honorable Judge Lucy Brown, Former Chief Prosecutor Paul Zacks responded, "With very limited exceptions" **(Exhibit D, pp.393-394).**

12. On October 16, 2008, in proceedings before the Honorable Judge Lucy Brown, Judge of the Court replied, "Right. You would agree with that. And you would agree that if there is Brady material in that material, the Internal Affairs case, which is apparently the correct number, 0746, that the defense would be entitled to it, right).

13. On October 16, 2008, in proceedings before the Honorable Judge Lucy Brown, Former Chief Prosecutor responded, "Well, it raises an issue because there's confidentiality, Your Honor."

14. On October 16, 2008, in proceedings before the Honorable Judge Lucy Brown, Judge of the Court asked Former Chief Prosecutor Paul Zacks, "Well, let me ask you a question. With regard to confidentiality, if there was exculpatory Brady material, you would agree that the defense would be entitled to it, right?"

15. On October 16, 2008, in proceedings before the Honorable Judge Lucy Brown, Former Chief Prosecutor Paul Zacks answered, "Exculpatory? There's a sub-issue that makes it difficult for me to answer that directly because as the Court's aware, for example, if the evidence was obtained by compulsion, they were ordered to give statements, there's a separate issue. There's *Garrity* issue which preclude me and I suppose anybody else from using that in court. But I don't know what's in those files. I assume some of this was compulsive."

16. On October 31, 2008, Palm Beach County Sheriff's Office Civil Attorneys filed a Petition For Writ of Certiorari in this District Court of Appeal (Case #4D08-4454) regarding Palm Beach County Sheriff's Office Internal Affairs Case Number 2007-046; "On appeal from Circuit Court of the Fifteenth Judicial Circuit, Palm Beach Case Number 50-2008-CF-007611FXXXMB.

17. A jury trial began on November 12, 2008. On November 21, 2008, jury found MCCRAY guilty. Sergeant Dent one of the six Co-Defendants was charged and convicted of violating the Scheme-to-Defraud Statute (tracking verbatim the language in F.S. §817.034(4)(a)(3)). *See also Dent*, 125 So. 3d at 206.

18. MCCRAY, on the other hand, was charged and convicted of violating both the Scheme-to-Defraud Statute and the Official Misconduct Statute (tracking verbatim the language in F.S. §838.022)). *See also McCray*, 121 So. 3d at 603. Both appealed their convictions to the Fourth District Court.

19. The Official Misconduct Charges arose from "allegations that MCCRAY and other Sheriff's [Office] employees manipulated the overtime assignment computer system and obtained more hospital guard assignments than allowable under the Sheriff's [Office] policy and the **collective bargaining agreement**." *McCray*, 121 So. 3d at 603. **(Exhibit E and Exhibit F).**

20. The Sheriff's Office had control of the "overtime assignments" because that institution "provid[ed] deputies for overtime duty when an inmate or arrested person [was] admitted to the hospital . . . [based on] . . . "established policies, procedures and collective bargaining agreement" designed to "assure broader access to available hospital shifts," subject to constraints limiting the ability of certain employees of the Sheriff's Office "to sign up for shifts in [such] computer system." *Id.* at 603.

21. In light of his rank, the Sheriff's Office *vested* MCCRAY with administrative privileges to assign Sheriff's Office employees to hospital-shifts, and to sign them up for shifts on such computerized-system ("Innocuous Conduct").

22. On or about June 13, 2008, MCCRAY was placed on administrative leave without pay (**Exhibit G**).

23. On or about January 05, 2009, former trial counsel of record filed a Response to Petition For Writ of Certiorari in the Florida Fourth District Court of

Appeal. Following, on or about February 02, 2009, Assistant Attorney General filed "Response to Order to Show Cause" in the Florida Fourth District Court of Appeal.

24. Furthermore, the during sentencing on February 09, 2009, Trial Court *"Essentially, what the jury found, and there was evidence that supported; in this Court's opinion there was substantial competent evidence that supported the jury's finding, that there was an abuse of this overtime system, that people were deprived, people making less money were deprived of the opportunity to earn overtime because of the acts of Darrin McCray.*

25. The Trial Court stated, *"I don't know what the motive was. There wasn't really any evidence of that and it's not an element to the crime. The State says abuse of power and greed, I agree with the defense that wasn't proved, but the State didn't have to prove that to obtain the jury verdict. The –the State proved the abuse of the overtime."*

26. On February 13, 2009, MCCRAY appealed the Convictions to the Fourth District Case No.:4D09-0530. He presented the following claims in his initial appellant brief:

- TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS FOR JUDGMENT OF ACQUITTAL.
- THE TRIAL COURT'S DENIAL OF A NEW TRIAL WHERE THE VERDICT FORM DID NOT MATCH THE CRIMES CHARGED WAS REVERSIBLE ERROR.

- IT WAS FUNDAMENTAL ERROR TO NOT INSTRUCT THE JURY ON THE CRIMES CHARGED.
- DENIAL OF APPELLANT'S MOTION FOR CONTINUANCE ATTRIBUTABLE TO THE STATE WHERE DEFENSE COUNSEL HAD NOT RECEIVED COURT ORDERED MATERIALS AND DID NOT HAVE AN ADEQUATE TIME TO PREPARE FOR TRIAL WAS HARMFUL ERROR.
- THE TRIAL COURT'S ADMONISHMENT OF APPELLANT IN THE JURY'S PRESENCE WAS PREJUDICIAL ERROR INTERJECTING ITSELF INTO THE CONDUCT OF THE TRIAL.
- THE TRIAL COURT ERRED IN PROHIBITING APPELLANT FROM DEPOSING SHERIFF BRADSHAW.
- THE TRIAL COURT ERRED IN PERMITTING JOHN KAZANIJAN TO TESTIFY OVER DEFENSE OBJECTION THAT THE SHERIFF SAID THAT REGULAR RANK OFFICERS WERE TO HAVE PRIORITY IN RECEIVING OVERTIME.
- THE TRIAL COURT ERRED IN PERMITTING JONES TO TESTIFY OVER DEFENSE OBJECTION THAT HE HEARD APPELLANT'S ADMINISTRATIVE RIGHTS WERE SUSPENDED BECAUSE HE WAS TAKING ADVANTAGE OF THE OVERTIME SYSTEM.
- EXCLUDING APPELLANT'S PROFFER OF EVIDENCE SHOWING HE WAS INNOCENT BECAUSE MANDATING HOSPITAL OVERTIME WAS A LONG STANDING ADMINISTRATIVELY ACCEPTED PRACTICE AT PBSO WAS REVERSIBLE ERROR.

- THE TRIAL COURT ERRED IN EXCLUDING RELEVANT EVIDENCETHAT IN THE PAST HOSPITAL OVERTIME HAD BEEN MANDATED.
- THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO INTERVIEW THE JURORS AFTER CONTACT WITH A STATE ATTORNEY WAS REVERSIBLE ERROR.

27. On or about March 30, 2009, Palm Beach County Police Benevolent Association Attorney Gary Lippman sent Mr. Christopher Kneisley written correspondence regarding Article 36, Grievance and Arbitration Procedure, of the Collective Bargaining Agreement **(Exhibit H).**

28. On or about April 06, 2009, Palm Beach County Police Benevolent Association Attorney Gary Lippman sent Manager Jimmy Phillips written correspondence regarding Florida Chapter 119 request **(Exhibit I)**. On or about April 15, 2009, Palm Beach County Police Benevolent Association Attorney Gary Lippman sent Colonel Mike Gauger written correspondence regarding Article 36, Grievance and Arbitration Procedure, of the Collective Bargaining Agreement **(Exhibit J).**

29. On or about October 28, 2010, Lieutenant Mar R. Murray sent MCCRAY a Certified (return receipt) #7009-0080-0002-1575-3131 to his home address regarding Palm Beach County Sheriff's Office Internal Affairs Investigation Case #07-046 **(Exhibit K).**

30. On February 06, 2013, a panel of the Fourth District Court of Appeal in *Dent* dismissed the scheme-to-defraud charge against Ms. Dent, holding that the Innocuous Conduct underlying such charge did not constitute a crime. *Dent*, 125 So. 3d. at 206-07(explaining that the State's allegations in the information "did not amount to a crime" because it "failed to prove that [Ms. Dent] obtained 'property' within the meaning of the statute when all the state proved was the inability of other deputies to sign up for the opportunity to obtain overtime.")

31. On July 24, 2013, the Fourth District Court of Appeals issued the *Flansbaum-Talabisco,* So. 3d (Fla. 4th DCA 2013) decision. "*The court reasoned that in cases involving public corruption, the Eleventh Circuit further elaborated on this point in United States v. Siegelman, 640 F.3d 1159 (11th Cir.2011): No generalized expectation of some future favorable action will do. The official must agree to take or forego some specific action in order for the doing of it to be criminal. In the absence of such an agreement on a specific action, even a close-in-time relationship between the donation and the act will not suffice. Id. at 1171 (emphasis added).* That said, "*there is no requirement that this [quid pro quo] agreement be memorialized in a writing, or even be overheard by a third party.*" *Id. Although "the agreement must be explicit there is no requirement that it be express*." Id.

32. On August 07, 2013, a different panel of the Fourth District Court of Appeal dismissed the Scheme-to-Defraud Charge filed against MCCRAY, but affirmed the Official Misconduct Charges without elaboration, other than this vacuous statement:

We affirm his convictions for official misconduct *without further discussion.*

*McCray*, 121 So. 3d at 603. (Italics added.) It did so even though both cases arose from the same operative facts, and MCCRAY preserved the record with several fundamental error claims. As of this date, the State has never mentioned any type of [quid pro] in this instant case, as outlined in *Siegelman*."

33. MCCRAY then requested a rehearing, clarification and for rehearing en banc. He argued:

- The reversal was based on the District Court's decision regarding MCCRAY's co-defendant in *Dent v. State*, 38 Fla. L. Weekly D287 (Fla. 4th DCA Feb 6, 2013), *review denied,* No. SC13-732, 2013 WL 2221572 (Fla. May 16, 2013), in which the Court held "lost opportunity for other deputies to work for overtime pay. . .simply does not fit the definition of property traditionally used in criminal prosecutions.. . ." *Dent v. State*, 38 Fla. L. Weekly D287 (Fla. 4th DCA Feb 6, 2013), *review denied,* No. SC13-732, 2013 WL 2221572 (Fla. May 16, 2013).

- Dent was a co-defendant charged in the same information as MCCRAY they

were charged with the same activities, resulting in alleged violations of Florida Statutes 8383.022 and 817.034. MCCRAY's counsel filed a notice of related case, but the cases were decided by separate panels. The decision in *Dent*, was issued after all the briefs were filed in Appellant's case. A notice of supplemental authority was filed in this case after the decision in *Dent* was issued.

- In *Dent*, the Fourth District specifically noted that while the Palm Beach County Sheriff's Office policy and practices were violated, the activity in question did not violate the law. Section 838.022 requires corrupt intent to obtain a benefit or cause harm to another. As to a benefit, it must be a benefit prohibited by law. *See State v. Flansbaum-Talabisco,* __ So. 3d ___ (Fla. 4th DCA 2013.

- Furthermore, the portion of the decision upholding the counts of official misconduct is erroneous because the jury's verdict found MCCRAY guilty of official misconduct as charged against other defendants. The jury found "As to Count II, we find the Defendant-MCCRAY Guilty of OFFICIAL MISCONDUCT, as contained in the Information." The District Court overlooked that count two of the information alleged that "SANDRA NEALY on or about August 31, 2006, in the County of Palm Beach and State of Florida, while a public servant" violated F.S. 838.022 (organized

scheme to defraud). (emphasis added). MCCRAY is not SANDRA NEALY. The jury found "As to Count III, we find the Defendant Guilty of OFFICIAL MISCONDUCT, as contained in the Information." (emphasis added). The jury made the same finding of guilt against MCCRAY as charged for crimes as contained in the Information and alleged to have been committed on different dates by SANDRA NEALY in counts three through ten. MCCRAY is not and never has been SANDRA NEALY. It is erroneous to convict a defendant-MCCRAY for crimes alleged and found to have been committed by another person.

- MCCRAY cannot be guilty of official misconduct because the facts showed he was authorized to put his own name and the names of others for overtime. Lieutenants selected names from a drop down list available on the computer system and MCCRAY was not responsible for removing these names. MCCRAY would not have known that these officers were retired. In fact, the testimony was that it was not thought to be improper to put the names of others in the computer. It was not unlawful to enter the names from the computer's drop down list. *Dent v. State*, 38 Fla. L. Weekly D287 (Fla. 4th DCA Feb 6, 2013), *review denied,* No. SC13-732, 2013 WL 2221572 (Fla. May 16, 2013). Using the department's own list is not the same as to "falsify" an official record or official document under Florida Statute

838.022.

- The decision affirming the counts of misconduct overlooks that the State's evidence contradicted the bill of particulars and information for the official misconduct charges against MCCRAY.

34. On September 26, 2013, MCCRAY's motion for rehearing, clarification and rehearing en banc was denied. On October 7, 2013, Assistant Attorney General filed a Notice of Discretionary Jurisdiction to this Court (SC13-1974). On October 09, 2013, MCCRAY by and through former counsel of record filed a Notice of Discretionary Jurisdiction Case No.: SC13-1974.

35. On July 03, 2014, this Court issued, "*This cause having heretofore been submitted to the Court on jurisdictional briefs and portions of the record deemed necessary to reflect jurisdiction under Article V, Section 3(b), Florida Constitution, and the Court having determined that it should decline to accept jurisdiction, it is ordered that the petition for review is denied. No motion for rehearing will be entertained by the Court. See Fla. R. App. P. 9.330(d)(2)*."

36. On July 7, 2014, this Court Denied Notice of Discretionary Jurisdiction. On September 16, 2014, MCCRAY, filed a combined an emergency petition for writ of prohibition and for a writ of mandamus ("Combined Writ-Petition") in order to quash the deplorably poor decision of the Fourth District Court of Appeal ("Fourth District") in this Court Case No.: SC14-1810.

37. On September 18, 2014, the Resentencing Court held a full evidentiary hearing to ascertain whether any Mitigating Factors existed that would support a downward departure from the sentencing score-sheet and guidelines. The Resentencing Court was presented with the lack of subject matter jurisdiction issue that arose from MCCRAY'S *Garrity* Rights-Immunity.

38. On October 10, 2014, MCCRAY, by and through former counsel filed a Motion For Post Conviction Relief. On October 10, 2014, after determining that a downward departure was not appropriate, MCCRAY was sentenced to 17.1 months in the Department of Corrections for violating the Official Misconduct Statute. On or about October 15, 2014, former counsel filed a Notice of Voluntary Withdrawal **without** MCCRAY'S knowledge.

39. On October 20, 2014, this Court denied the emergency combined writ and stated, "*To the extent that petitioner seeks a writ of prohibition, the petition is hereby denied because petitioner has failed to demonstrate that a lower court is attempting to act in excess of its jurisdiction. See Mandico v. Taos Constr., Inc., 605 So. 2d 850 (Fla. 1992); English v. McCrary, 348 So. 2d 293 (Fla. 1977). To the extent that petitioner seeks a writ of mandamus, because petitioner has failed to show a clear legal right to the relief requested, he is not entitled to mandamus relief. Accordingly, the petition for writ of mandamus is hereby denied. See*

*Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000). All pending motions are hereby denied. No rehearing will be entertained by this Court."*

40. On March 23, 2015, MCCRAY, by and through former counsel, filed an *Amended Petition for Writ of Habeas Corpus* in this Court, *see McCray v. Jones*, SC15-476 ("State Habeas Appeal"). On May 20, 2015, this Court issued, "*Petitioner has filed a petition for writ of habeas corpus. To the extent the petition challenges Petitioner's conviction and sentence, the petition is hereby dismissed without prejudice to file a motion for postconviction relief in the appropriate circuit court. To the extent the petition seeks review of the Fourth District Court of Appeal's decision in McCray v. State, 121 So. 3d 603 (Fla. 4th DCA 2013), the petition is hereby denied. See Collins v. State, 859 So. 2d 1244, 1245 (Fla. 5th DCA 2003) ("Habeas corpus proceedings are intended to test the legality of the petitioner's detention and to secure his or her release if the detention is illegal."); see also Sneed v. Mayo, 69 So. 2d 653, 654 (Fla. 1954) (the purpose of a writ of habeas corpus is to inquire into the legality of a prisoner's detention).*"

41. On September 08, 2015, MCCRAY filed, *pro se*, his application for a writ of habeas corpus in the Florida Southern District ("Federal Habeas Petition"), alleging violations of his federal constitutional rights. His Federal Habeas Petition is based on the State Habeas Appeal that he filed in this Court.

42. On March 31, 2016, Florida Southern District entered an *Order of Recusal* that MCCRAY filed *pro se*, because his former counsel of record refused to file a Motion for Disqualification. On April 01, 2016, one day after the Order of Recusal, Florida Southern District entered a *Report Recommending That §2254 Petition for Writ of Habeas Corpus Be Denied.*

43. On August 15, 2016, MCCRAY filed Florida Rule of Criminal Procedure 3.850. On or about December 12, 206, the Trial Court issued, "*Order Denying Defendant's Pro Se Motion For Post Conviction Relief.* On or about January 09, 2017, the Trial Court issued, "*Order Denying Defendant's Pro Se Motion To Enlarge Time To Refile Response As Moot.*"

44. On August 29, 2017, MCCRAY filed a petition for a combined writ of prohibition and writ of quo warranto in the Fourth District Court of Appeal Case No.: 4D17-2778. On October 23, 2017, the Fourth District Court of Appeal issued, *"ORDERED that petitioner's October 16, 2017 Motion for Leave to File an Amended Initial Brief is denied as moot. No initial brief is permitted in this original writ proceeding. See Fla. R. App. P. 9.100; further, ORDERED that the petition filed August 29, 2017 is denied. The petition states no basis for a writ of quo warranto, and petitioner's attempt at raising a postconviction challenge directly in this Court through an extraordinary writ proceeding is unauthorized. See Baker v. State, 878 So. 2d 1236 (Fla. 2004). To the extent the petition seeks a*

*writ of prohibition seeking to disqualify the trial judge, the petition states no basis for relief and is denied on the merits. Petitioner is cautioned that frivolous or abusive filing may result in sanctions. See State v. Spencer, 751 So. 2d 47 (Fla. 1999).*

45. On November 06, 2017, MCCRAY filed a request for a motion for rehearing and clarification "Subject Matter Jurisdiction". MCCRAY raised, *"Whether the Trial Court lacks subject matter jurisdiction in the current Combined Florida Rule 3.800 and 3.850 postconviction proceeding? Whether MCCRAY can raise his subject matter jurisdiction claim in a writ of quo warranto during postconviction? Whether the State Board of Administration has subject matter jurisdiction under Florida State Statutes § 120.68 to adopt and incorporate its Final Order the Conclusions of Law under Florida State Statutes § 112.3173 (5)? Whether the Trial Court erred in denying the motion for disqualification?"*

46. On November 28, 2017, the Fourth District Court of Appeal issued, "*ORDERED that the appellant's November 6, 2017 motion for rehearing and clarification is denied.*" On December 27, 2017, MCCRAY filed a Motion For Rehearing and Request Certifying Question. On January 16, 2018, the Fourth District Court of Appeal issued, "*ORDERED that the appellant's December 19, 2017 motion to transfer state court records to federal court is denied as*

*unauthorized; further, ORDERED that the appellant's December 27, 2017 motion for reconsideration and certifying question is denied.*"

47.   On November 21, 2019, MCCRAY received the following order from the Florida Supreme Court: *PETITIONER HAS FILED A PETITION FOR WRIT OF QUO WARRANTO. TO THE EXTENT PETITIONER SEEKS A WRIT OF QUO WARRANTO, THE PETITION IS DENIED AS PROCEDURALLY BARRED. A PETITION FOR EXTRAORDINARY RELIEF IS NOT A SECOND APPEAL AND CANNOT BE USED TO LITIGATE OR RELITIGATE ISSUES THAT WERE OR COULD HAVE BEEN RAISED ON DIRECT APPEAL OR IN PRIOR POSTCONVICTION PROCEEDINGS. SEE DENSON V. STATE, 775 SO. 2D 288, 290 (FLA. 2000); BREEDLOVE V. SINGLETARY, 595 SO. 2D 8, 10 (FLA. 1992). TO THE EXTENT PETITIONER SEEKS TO INVOKE THE COURT'S ALL WRITS JURISDICTION, THE PETITION IS DISMISSED FOR LACK OF JURISDICTION BECAUSE PETITIONER HAS FAILED TO CITE AN INDEPENDENT BASIS THAT WOULD ALLOW THE COURT TO EXERCISE ITS ALL WRITS AUTHORITY AND NO SUCH BASIS IS APPARENT ON THE FACE OF THE PETITION. SEE WILLIAMS V. STATE, 913 SO. 2D 541, 543-44 (FLA. 2005); ST. PAUL TITLE INS. CORP. V. DAVIS, 392 SO. 2D 1304, 1305 (FLA. 1980). ANY MOTIONS OR OTHER REQUESTS FOR RELIEF ARE DENIED. NO REHEARING WILL BE ENTERTAINED BY THIS COURT.*

**COUNT 1-DEPRIVATION OF PROPERTY INTEREST AND LIBERTY INTEREST IN VIOLATION OF CONSTITUTIONAL RIGHT TO DUE PROCESS**

48. Paragraphs 1-47are re-alleged and incorporated herein by reference.

49. When interpreting the Fourteenth Amendment, the Federal Courts have examined procedural due process violation claims by three factors. First, what is the deprivation? What type of deprivation is it (life, liberty or property)? What procedures are required to ensure that due process is met? Chemerinsky, Erwin (20160 "Procedural Due Process Claims," Touro Law Review: Vol. 16: No.3 Article 12.

50. MCCRAY was wrongfully terminated, falsely arrested, wrongfully convicted and had his Florida retirement pension illegally forfeited by the state. The Fourteenth Amendment's Due Process Clause prohibits a state from depriving a person of "life, liberty, or property, without due process."

51. Sheriff Ric L. Bradshaw directed that MCCRAY and others be arrested for allegedly violating F.S. §838.022 after knowing MCCRAY received *Garrity* Rights in the Lieutenant Jones' administrative investigation. Sheriff Bradshaw violated the Palm Beach County Sheriff's Collective Bargaining Agreement that was in effect from 2006-2009 for terminating MCCRAY without just cause. **(Exhibit L: Articles 8, 18, 24, 25, 36 and 39).** See *Cavallaro v. UMass Memorial Healthcare, Inc.*, 678 F.3d 1, 4-5 (1st Cir. 2012).

44. The Palm Beach County Police Benevolent Association violated the collective bargaining agreement by failing to arbitrate MCCRAY's termination without cause grievance, which is a breach of contract **(Exhibit L: Articles 8, 18, 24, 25, 36 and 39).** "A claim that is preempted under §301 LMRA must either be treated as a §301claim or dismissed as preempted by federal contract labor law." *Haggins,* 648 F. 3d at 57 (quoting *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 220 (1985).

45. The Supreme Court has plainly "held that §301authorizes suits by and against individual employees as well as between unions and employers, including actions against an employer for wrongful discharge." *Groves v. Ring Screw Works, Ferndale Fastener Div.*, 498 U.S. 168, 172 (1990) (quoting *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562 (1976).

46. The doctrine of complete preemption in effect "converts a state-law claim into a federal one." *Caterpillar,* 482 U.S. at 393; see also *Tishman,* 760 F.3d at 302 (holding that complete preemption "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint.").

46. Now, the Due Process Clause is a guarantee of basic fairness. MCCRAY is guaranteed the basic fairness afforded by the Due Process Clause to be heard in a

meaningful time and meaningful manner, *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976).

47. Sadly, there is no adequate remedy that can cure this irreparable injury MCCRAY has sustained and continues to suffer at the hands of those who took an oath to uphold the law. MCCRAY has suffered the deprivation of liberty and property rights without constitutionally adequate judicial remedies.

48. MCCRAY continues to experience deprivation of equal protection of the laws by courts avoiding and refusing to address his claims on its merits. See *Roche v. Evanporated Milk Assn,* 319 U.S. 258, (1958), *Will v. United States*, 389 U.S. 90, 95-96, (1967).

49. However, MCCRAY's Constitutional claims of preemption, Garrity Rights, and *Brady* have never been heard on the merits, and he continues to be denied access to the courts, which is in violation of 28 U.S.C. § 1443(1) (a) and (b). See *In re Winship*, cited infra at 41, 397 U.S. at 364 (requiring the State to adduce proof beyond a reasonable doubt for each statutory element).

50. MCCRAY like Davis could not and cannot be found guilty for a non-criminal act that he was duty bound to fulfill as a member of the collective bargaining agreement that involves contract law not criminal.

51. The Supreme Court recognized, *Davis* might have been found guilty for an act that the law did not make criminal. Id. at 346, 94 S. Ct. at 2305. MCCRAY in a

similar manner like *Davis*'s final conviction and sentence resulted in a complete miscarriage of justice. Id. at 346– 47, 94 S. Ct. at 2305.

52. This instant case was birthed out of: (1) The Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a) by way of the Palm Beach County Sheriff's Office Corrections Collective Bargaining Agreement. In this case, the undisputed statement presented during trial by Sergeant John Kazanjian-President of the Palm Beach County Police Benevolent Association confirms this fact:

A. [W]e had our first collective bargaining agreement in 2004 and it was implemented before that. So, from a past practice it just got absorbed in.
. . .
Q. But that policy . . . was amended by way of negotiations with the union, correct?

A. Oh, every policy that has to deal with . . . work performance comes through the union.
. . .
Q. [W]ho can work overtime and how much overtime they can work, that's a matter of a contract that the union has with the sheriff, correct?

A. Correct.

Q. And the policy that is derived from that contract with the union that regulates hospital guard duty, that policy is not state law, correct?

A. No, that's not state law.

No. That's just a policy.

53. Sergeant Kazankian's statement proves that the Innocuous Conduct is a Mandated Policy that emanates from, and is governed by, the Palm Beach County Sheriff's Office Corrections Collective-Bargaining Agreement and is preempted.

54. Now, the Eleventh Circuit has explained that "[f]raudulent concealment requires the respondents-defendants to engage in the willful concealment of the cause of action using fraudulent means to achieve that concealment." *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 n.1 (11th Cir. 2003) (citing Berisford, 667 So. 2d at 811).

55. The Respondents-Defendants were successful in preventing MCCRAY and others from obtaining Palm Beach County Sheriff's Office Internal Affairs Investigation Case Number 2007-046, which as Zacks stated contained, "Exculpatory-*Brady*" material. Thus, Respondents-Defendants violated *Brady*. Strangely, **(Exhibit F)** mirrors **(Exhibit E),** and Sergeant Jose Garcia the investigator-author of PBSO Internal Affairs Case Number:07-0746 never interviewed MCCRAY and simply copied and pasted what the Palm Beach County Sheriff's Office Criminal Investigators authored in their fraudulent criminal affidavits.

56. Respondents-Defendants continue to ignore that use immunity prevents the prosecution from making use of the testimony and any evidence derived therefrom against the witness in a Criminal trial. *See Kastigar,* 406 U.S. at 452-53. Respondents-Defendants abuse of discretion and abuse of authority are furthering this manifest injustice. *See This That & the Other Gift & Tobacco, Inc. v. Cobb County. Ga.,* 439 F.3d 1275, 1283-84 (11th Cir. 2006) and *Hill*, 368 U.S. at 428, 82 S. Ct. at 471).

57. MCCRAY continues to be denied relief and prosecuted for what the Ninth Circuit held that the prosecution must prove that each matter admitted into evidence "is derived from a source independent of the immunized testimony., *United States v. Koon,* 4 F.3d 1416,1431 (9th Cir. 1994) (Rodney King case).

58. The Respondents-Defendants actions are in express and direct conflict with the fact that both the state and the federal governments are "prohibited from making any such *use of compelled testimony and its fruits." Murphy,* 378 U.S. at 79, 84 S.Ct. at 1609, 12 L.Ed.2d at 695 (e.s.) and *United States v. Friedrick* 842 F.2d 382 (D.C. Cir. 1988).

59. MCCRAY'S complaint poses a federal question as to whether a Writ of should issue during a postconviction based on violations of: the Double Jeopardy Clause, *Garrity Rights,* Equal Protection Clause, Preemption Clause, Supremacy

Clause along with the Fifth, Sixth, Eighth and Fourteenth Amendments, Florida Constitution Article I, Section 9 and Florida State Statutes Chapter 914.04 as it relates to using immunized information in a criminal prosecution and subject matter jurisdiction is proper in this Court.

60. Paragraphs 1-59 are re-alleged and incorporated herein by reference.

61. Respondents-Defendants have created a the judicial quagmire that conflicts with the Fifth, Sixth, Eighth and Fourteenth Amendments and federal preemption outlined in the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).

62. A declaration from this Court would serve a judicial purpose in affirming the federal law and clarify this judicial quagmire in conflict with clear and well established law. *United States v. Hubbell,* 530 U.S. 27 (2000). "Use of immunized testimony or evidence is subject to dismissal.

63. MCCRAY seeks a declaration that the aforementioned provisions addressed and contained in F.S. §838.022, Florida Rule of Criminal Procedure 3.850 and Florida Rule 3.987 Oath of Defendant are unconstitutional. See *In re Winship,* cited infra at 41, 397 U.S. at 364 (requiring the State to adduce proof beyond a reasonable doubt for each statutory element).

64. MCCRAY will continue to suffer irreparable injury absent this Court issuing an injunction.

65. There is no adequate redress or remedy at law only a declaration and injunction would allow MCCRAY long overdue due process as he continues to be deprived of property and liberty rights along with a right to have his claims heard on the merits.

WHEREFORE, MCCRAY, prays this Court:

1. Issue preliminary and permanent injunctions:

(a) enjoining the named Respondents-Defendants and Florida Courts from enforcing F.S. §838.022, Florida Rule of Criminal Procedure 3.850 and Florida Rule 3.987 Oath of Defendant against MCCRAY.

2. Enter the following:

(a) A declaratory judgment that the provisions complained of render F.S. §838.022, Florida Rule of Criminal Procedure 3.850 and Florida Rule 3.987 Oath of Defendant as null and void, because they violate the Fourteenth Amendment to the United States Constitution in that they deprive MCCRAY of his property and liberty without due process of law.

(b) Issue preliminary and permanent injunctions against Respondents-Defendants and their agents and employees thereof from action on or under F.S. §838.022, Florida Rule of Criminal Procedure 3.850 and Florida Rule 3.987 Oath of Defendant in para material and under said statutes and rule as a whole.

3. Grant such other further relief, in law and equity as this Court deems just and proper.

Dated this Fifth day of December 2019.

Respectfully submitted,

DARRIN MCCRAY

DARRIN MCCRAY, pro se
P.O. Box 1172
West Palm Beach, Florida 33402
561-602-2804

# APPENDIX

1. Exhibit A Copies of Certified Mail Receipts
2. Exhibit B Stamped Copy of Fifteenth Judicial Circuit Filing
3. Exhibit C Lt. Eddie Jones' Administrative Online Hospital Investigation
4. Exhibit D October 16, 2008, Transcripts Proceedings Before Judge Brown
5. Exhibit E Darrin McCray PBSO Arrest Affidavit
6. Exhibit F PBSO Internal Affairs Investigation IA-07-046
7. Exhibit G Darrin McCray PBSO Personnel Action Form
8. Exhibit H Palm Beach County Police Benevolent Letter 03/30/2009
9. Exhibit I Palm Beach County Police Benevolent Letter 04/06/2009
10. Exhibit J Palm Beach County Police Benevolent Letter 04/15/2009
11. Exhibit K Palm Beach County Sheriff's Office letter 10/08/2010
12. Exhibit L Palm Beach County Sheriff's Office Corrections CBA
13. Exhibit M Sham Proceedings Motion 07/15/2019
14. Exhibit N Emergency Writ 07/01/2019
15. Exhibit O Writ of Prohibition/Quo Warranto 11/06/2017

Blank Page

12/05/19

## CERTIFICATE OF SERVICE

MCCRAY certifies that, on December 05, 2019, a true and correct copy of this **Amended** *Emergency Writ* has been furnished by Certified U.S. Postal mail to the persons set out in the Service List below, and that, on this same date, the original has been filed electronically with the clerk of this Court via Florida's e-filing portal.

**SERVICE LIST**
State Attorney Elect Dave Aronberg Certified Mail **7018-0360-001-8767-0215**
401 N Dixie Hwy
West Palm Beach, Florida 33401

Judge Daliah H. Weiss Certified Mail **7019-2280-0000-2537-1739**
205 N Dixie Hwy,
West Palm Beach, FL 33401

Certified Mail 7019-2280-2537-1746
Mark J. Hamel, Assistant Attorney General 1515
N Flagler Dr.
West Palm Beach, Florida 33401